UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOLENE SMITH, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>VICKI ASHWORTH,<br><br>    Defendant. | No. 2:15-cv-2333 KJM AC (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

    Plaintiffs, proceeding in this action pro se, have requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis ("IFP"). This proceeding was referred to this court by E.D. Cal. R. 302(c)(21).

    All plaintiffs have now submitted the affidavits required by § 1915(a) showing their inability to prepay fees and costs or give security for them. ECF Nos. 2, 5, 6, 7. Accordingly, their requests to proceed in forma pauperis will be granted.

## I. SCREENING STANDARD

    Granting IFP status does end the court's inquiry. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

1    Plaintiffs must assist the court in making this determination by drafting their complaint so
2    that it contains a "short and plain statement" of the basis for federal jurisdiction (that is, the
3    reason the case is filed in this court, rather than in a state court), as well as a short and plain
4    statement showing that plaintiffs are entitled to relief (that is, who harmed the plaintiffs, and in
5    what way).  Plaintiffs' claims must be set forth simply, concisely and directly.  See "Rule 8" of
6    the Federal Rules of Civil Procedure (Fed. R. Civ. P. 8).  The Federal Rules of Civil Procedure
7    are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-
8    rules-civil-procedure.  Forms are also available to help pro se plaintiffs organize their complaint
9    in the proper way.  They are available online at www.uscourts.gov/forms/pro-se-forms.

10   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11   Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the
12   court will (1) accept as true all of the factual allegations contained in the complaint, unless they
13   are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the
14   plaintiff, and (3) resolve all doubts in the plaintiffs' favor.  See Neitzke, 490 U.S. at 327;
15   Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at
16   Pasadena, 592 F.3d 954, 960 (9th Cir. 2010); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).

17   However, the court need not accept the truth of legal conclusions that are phrased as
18   factual allegations, or allegations that contradict matters properly subject to judicial notice.  See
19   Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State
20   Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

21   Pro se pleadings are held to a less stringent standard than those drafted by lawyers.
22   Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may
23   only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support
24   of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir.
25   2014).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an
26   opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See
27   Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

28

## II.  THE COMPLAINT

The complaint is written on what appears to be a form, entitled "United States Constitution Citation / Criminal Complaint / Affidavit and Brief of Information," and purports to be filed in "The United States Supreme Court / For The District of (State) California / In the County of El Dorado."  Complaint (ECF No. 1) at 1.  The caption indicates that plaintiffs are four named individuals, Jolene Smith, Linda Herman and two other individuals who (based upon language in the complaint) appear to be minors alleged to have been abused.  The caption indicates that plaintiffs are suing one individual, defendant Vicki Ashworth.

The complaint alleges that defendant denied plaintiffs the due process of law in taking "my" (apparently plaintiff Jolene Smith's) son away, and placing him in the hands of an abuser.  Complaint at 2.  The complaint does not directly identify who the defendant is, or how she was in a position to deny plaintiffs' due process rights.  However, it appears from the complaint and attached documents that the defendant is a judge.  The "Ledger" portion of the complaint refers to constitutional violations "by Judge(s) who are Lien debtor(s)."  In addition, the Cover Sheet to the complaint indicates that a "Related Case" was presided over by "Judge Vicki Ashworth, Docket Number PFS20100188."  ECF No. 1-1 at 1.  The court takes judicial notice that there is no judge by that name in the federal judiciary (see http://www.fjc.gov/public/home.nsf/hisj), but that a judge by that name serves as a State of California Superior Court Judge in El Dorado County (see http://www.eldoradocourt.org/generalinfo/judicial-assignments.html).

The complaint seeks relief for the defendant's actions as a judge taken in her courtroom.  Specifically, the allegations against defendant are that she "knew that the reason you told in court was a lie," that defendant had "evidence that I provided," that defendant "swore an oath to protect babies and families and the people and their rights," and that defendant "failed in what you have done . . .."  Complaint at 2.  Plaintiffs apparently seek damages of $43,961,940.  See Complaint at 7.

## III.  ANALYSIS

The complaint alleges that a state court judge, acting in her judicial capacity, deprived plaintiffs of their federal constitutional right to due process by taking a child away, and turning

3

him over to an abuser. State court judges are absolutely immune from suit in federal court where, as here, they are sued for their judicial actions. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Because the only defendant named in this damages lawsuit is absolutely immune from this lawsuit, it should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiffs' applications to proceed IFP (ECF Nos. 5, 6, 7) are GRANTED,

2. Plaintiff Jolene Smith's second application to proceed IFP (ECF No. 4), is DENIED as moot, as her initial application (ECF No. 2) has already been granted.

Furthermore, IT IS HEREBY RECOMMENDED that plaintiffs' complaint be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), as it seeks monetary relief against a defendant who is absolutely immune from such relief.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiffs may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiffs are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 4, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE